## Commonwealth v. Miller

*Markin R. Knight,* for Commonwealth.
*M. Edward Toner,* for defendant.

WILLIAMS, P. J., September 22, 1953.—Defendant has been charged with violation of the Act of April 27, 1905, P. L. 312, sec. 16, 71 PS §1409, as amended by the Act of April 7, 1927, P. L. 154, sec. 1, which provides that any person who violates any order or regulation of the Department of Health shall, upon conviction thereof in summary proceedings before a justice of the peace, alderman or magistrate for the county wherein the violation or offense is committed, be sentenced to pay a fine.

According to the transcript of the alderman for the City of Williamsport, a hearing was set for August 18, 1952, when an attorney for defendant appeared and waived a hearing for court. An indictment was presented to the grand jury and a true bill found. Defendant now moves to quash this indictment, giving as his reason that the charge against him is a summary conviction and that the magistrate should have heard the case.

We agree with the contention of defendant. The case should be heard in summary proceedings according to the act, before the magistrate. The magistrate should find defendant guilty or not guilty, and if he is found guilty the magistrate then should sentence defendant. Any appeal to the court must be taken with permission of the court and should be taken within the time limited by statute for such appeals.

And now, September 22, 1953, the indictment found in the above entitled case is quashed and the clerk of the court is directed to return the transcript of proceedings before the alderman to William J. Mussina, alderman, he to set a time for hearing of the case in summary proceedings. The costs of the case which accrued in the court of quarter sessions to be paid by the County of Lycoming, and the costs which accrued or accrue in the alderman's office to be disposed of by the magistrate according to law.